UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND et al., | )<br>)<br>) |
| Plaintiffs, | ) 10 CV 06909 |
| v. | )<br>) Judge Shadur |
| BRETT P. SEIBERT d/b/a Seibert Construction Company, | )<br>)<br>) |
| Defendant. | ) |

## **PLAINTIFFS' MOTION FOR FINAL JUDGMENT**

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, ET AL. (collectively "Trust Funds"), by their attorney Kevin P. McJessy, hereby move this Court pursuant to Federal Rules of Civil Procedure 54, 55 and 58 to enter a final judgment against BRETT P. SEIBERT d/b/a Seibert Construction Company ("Defendant"). In support of their motion, Plaintiffs state as follows:

### Complaint

1. The Trust Funds filed a complaint against the Defendant under ERISA to compel an audit of Defendant's books and records, for collection of unpaid contributions, interest and liquidated damages, for attorneys' fees and auditors' fees pursuant to the collective bargaining agreements and the trust agreements to which Defendant is signatory.

### Default Judgment

2. Defendant was served with a copy of the summons and complaint. Defendant has failed to answer or appear.

3. On March 4, 2011, this Court entered a default judgment against Defendant which provided, in part, that:

Pursuant to Federal Rule of Civil Procedure 55, a default order is hereby entered in favor of the Chicago Regional Council of Carpenters Pension Fund *et al.* ("Trust Funds") and against defendant, BRETT P. SEIBERT, d/b/a Seibert Construction Co., ("Defendant"). Defendant is hereby ordered:

A. to provide the Trust Funds or their designated auditors, Legacy Professionals LLC complete access to Defendant's books records within twenty-one (21) days so that the Trust Funds may conduct an audit of Defendant's fringe benefit contributions;

B. to pay any and all amounts the Trust Funds may discover to be due pursuant to the audit;

C. to pay auditor's fees incurred by the Trust Funds to complete the audit of Defendant's books and records;

D. to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

E. to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

F. to pay reasonable attorneys' fees and costs the Trust Funds incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D) and incurred by the Trust Funds to obtain full compliance with this Order and to collect any amounts owed to the Trust Funds; and

G. to award the Trust Funds such other and further relief as the Court deems just and equitable.

A copy of the default judgment is attached hereto as Exhibit A.

## Completion of Audit

4. Defendant was subsequently served with a copy of the order but failed to submit to an audit.

5. Subsequently, a partial production of Defendant's records of account were provided to Legacy Professionals, LLC ("Legacy"), some of which were produced by Defendant and some of which were produced pursuant to subpoena issued by the Trust Funds.

6. Legacy completed an audit of Defendant's books and records based on the information provided to them.

## Final Judgment

7. The Trust Funds now move this Court to enter a final judgment. The amount owed by Defendants is $146,057.37, which is comprised of the following:

   A. $108,365.60 in unpaid contributions pursuant to the audit; *see* Decl. of J. Libby, ¶6, Exhibit C; Decl. of M. Ragona, ¶3, Exhibit B;

   B. $3,042.00 for auditor's fees incurred by the Trust Funds to complete the audit of Defendants' books and records; *see* Decl. of J. Libby, ¶6, Exhibit C; Decl. of M. Ragona, ¶2, Exhibit B;

   C. $8,460.18 in interest under ERISA on the amount that is due; *see* 29 U.S.C. § 1132(g)(2)(B); 29 U.S.C. § 1132(g)(2)(C); Decl. of J. Libby, ¶7, Exhibit C;

   D. $21,673.12 in liquidated damages; *see* Decl. of J. Libby, ¶7, Exhibit C; and

   E. $4,516.47 in reasonable attorneys' fees and costs the Trust Funds incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D); *see* McJessy Decl., ¶4, Exhibit D).

8. A proposed draft order is attached as Exhibit E.

WHEREFORE, Plaintiffs the Chicago Regional Council of Carpenters' Fund et al. hereby move this Court to enter judgment in their favor and against Defendant Brett P. Seibert d/b/a Seibert Construction Company in the amount of $146,057.37 as follows:

   A. $108,365.60 in unpaid contributions pursuant to the audit;

   B. $3,042.00 for auditor's fees of incurred by the Trust Funds to complete the audit of Defendants' books and records;

   C. $8,460.18 in interest under ERISA on the amount that is due;

   D. $21,673.12 in liquidated damages;

   E. $4,516.47 in reasonable attorneys' fees and costs the Trust Funds incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D);

   F. reasonable attorney' fees and costs incurred by the Trust Funds in enforcing this order; and

   G. such other relief as this Court deems appropriate.

CHICAGO REGIONAL COUNCIL OF CARPENTERS
PENSION FUND et al.


By: _s/ Kevin P. McJessy_
        One of their attorneys


Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)

# CERTIFICATE OF SERVICE

I, Kevin P. McJessy, an attorney, certify that I caused the foregoing **Plaintiffs' Motion for Final Judgment** to be served upon

Brett P. Seibert
d/b/a Seibert Construction Co.
441 Saunders Rd.
Lake Forest, IL 60045

via U.S. Mail deposited in the United States Mail Depository at 3759 N. Ravenswood, Chicago, Illinois, postage prepaid, this 29th day of September 2011.

                                         s/ Kevin P. McJessy
                                         Kevin P. McJessy